UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------------- X
:
MESHAL ALSUDAIRY, ELHAM ALAZAB, SARAH :
ALSUDAIRY and REEMA ALSUDAIRY,               :  Civil Action. 18-cv-1864
:
Plaintiffs,          :
:
- against -                    :
:  **COMPLAINT**
WORTHBRIDGE LLC, and FARIS ALNABLUSI,        :  **Jury Trial Demanded**
:
Defendants.          :
:
---------------------------------------------------------------------- X

Plaintiffs Meshal Alsudairy ("Meshal"), Elham Al Azab ("Elham"), Sarah Alsudairy ("Sarah") and Reema Alsudairy ("Reema") for their Complaint against defendants Worthbridge LLC ("Worthbridge" or the "Company") and Faris Alnablusi ("Faris") by their counsel Frederica L. Miller, allege upon information and belief as to facts concerning others and upon personal knowledge as to facts concerning plaintiffs, as follows:

## NATURE OF THE ACTION

1. This action arises from defendants' failure to account to plaintiffs regarding the $1.5 million investment plaintiffs made in Worthbridge, and the defendants' failure to return the $1.5 million investment upon plaintiff's demand after their failure to account.

2. Plaintiffs seek damages in the amount of $1.5 million, plus costs, interest and attorney's fees, and any other relief that the Court may deem just and proper under the circumstances.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 USC § 1332(a)(2), because plaintiffs are subjects and residents of Saudi Arabia, defendants are residents of Connecticut, and the amount in controversy exceeds $75,000.

4. Venue is proper in this District pursuant to 28 USC § 1391(b)(1), because defendants are residents of Connecticut.

## THE PARTIES

5. Plaintiffs are individuals who are citizens and residents of the Kingdom of Saudi Arabia.

6. Defendant Worthbridge is an LLC organized pursuant to the laws of Colorado with a registered office located at 2710 Joselin Court, Denver, CO 80227.

7. Defendant Faris is an individual, and the managing member of Worthbridge, with a registered residence at 67 Angus Road North, Glenville, CT 06831.

## FACTS

8. In or around May 2008, Meshal, on behalf of investors Elham, Sarah and Reema (hereinafter together the "Investors") transferred $1.5 million (the "Investment") to a bank account owned and operated by Worthbridge.

9. Meshal, the Investors and Faris are related to each other by blood and/or marriage.

10. According to the terms of the written agreement between the parties (the "Term Sheet"), the Investment was to be used for "normal working capital and other operations" of a

proposed company called Worthbridge International that would be owned 50% by Worthbridge, and 50% by the Investors, and would be managed by Worthbridge.

11.     The Term Sheet provided that Worthbridge International would pursue "investment banking and other financial opportunities in the Middle East and Northern Africa."

12.     The parties agreed that the Investors would not be employed by, or otherwise involved in the day-to-day operations of Worthbridge or Worthbridge International.

13.     The Term Sheet provided that "[a]n Investor's money will be returned to the Investor in the event that the Company cannot or does not offer the investment on the terms set forth in this Term Sheet."

14.     Faris is a registered and licensed securities broker with FINRA and other self-regulated organizations in the United States (move this up to paragraph 8?).

15.     In December 2011, April 2015, August 2015, August 2016, September 2017, and January 2018, Faris provided plaintiffs with written ratifications of the Term Sheet with regard to the amount and purpose of the Investment.

16.     In December 2011, August 2015, August 2016, January 2018, February 2018, April 2018, Faris provided plaintiffs with written assurances that Worthbridge was diligently working on an investment opportunity, and that defendants would send progress updates and documentation concerning same.

17. Defendants did not provide to plaintiffs any such information, including information concerning the creation and management of the proposed company, Worthbridge International.

18. Accordingly, in September 2018, pursuant to Colo. Rev. Stat. §7-80-408, plaintiffs demanded, among other things, an accounting from Worthbridge with regard to the Investment.

19. Worthbridge did not respond to the plaintiffs' demand for an accounting in contravention of its statutory duties and plaintiffs' legal rights.

20. Thereafter, plaintiffs demanded the return of their Investment.

21. Worthbridge did not return the Investment contravention of its statutory duties and plaintiffs' legal rights.

22. Faris completely controls Worthbridge's finances, policies, and business with regard to the Investment.

23. Faris used his control of Worthbridge to perpetuate Worthbridge's wrongful refusal to account to the plaintiffs in contravention of his statutory duties and plaintiffs' legal rights.

24. Faris used his control of Worthbridge to perpetuate Worthbridge's wrongful refusal to return the Investment to the plaintiffs in contravention of his statutory duties and plaintiffs' legal rights.

25.     Faris's wrongful control of Worthbridge and his contravention of his statutory duties and plaintiffs' legal rights proximately cause plaintiffs' unjust loss of the Investment.

## COUNT ONE - BREACH OF CONTRACT

26.     Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs and incorporate them herein by this reference.

27.     A valid written agreement exists between plaintiffs and defendants.

28.     Plaintiffs fulfulled their promise pursuant to the agreement to provide defendants with the Investment.

29.     Defendants breached their promise pursuant to the agreement to create and manage the proposed company, Worthbridge Investments.

30.     Defendants breached their promise pursuant to the agreement to procure investment opportunities for the proposed company Worthbridge Investments.

31.     Defendants breached their promise pursuant to the agreement to return the Investment to the Investors pursuant to the parties' agreement.

32.     By reason of the forgoing, and as a result of defenants' breach of the agreement, the plaintiffs have been damaged in the amount of $1.5 million dollars plus costs, interest and attorney's fees.

## COUNT TWO - BREACH OF FIDUCIARY DUTY

33.     Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs and incorporate them herein by this reference.

34. Defendants possessed unique and superior knowledge and skill regarding the investments contemplated by the parties.

35. Plaintiffs reposed a unique degree of trust and confidence in the defendants with regard to the Investment.

36. Defendants had a duty to represent the interest of the plaintiffs with regard to the Investment.

37. Accordingly, the defendants had a fiduciary and confidential relationship with the plaintiffs.

38. Defendants breached their fiduciary duties to the plaintiffs with regard to the Investment.

39. By reason of the forgoing the plaintiffs have been damaged in the amount of $1.5 million dollars plus costs, interest and attorney's fees.

## COUNT THREE - UNJUST ENRICHMENT

40. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs and incorporate them herein by this reference.

41. Plaintiffs provided defendants with $1.5 million in investment funds.

42. Plaintiffs demanded an accounting from defendants regarding their utilization of the investment funds.

43. Defendants have failed to provide an accounting.

44. Plaintiffs demanded return of the investment funds.

45. Defendants have failed to return the investment funds

46. Accordingly, defendants knowingly and in bad faith are being unjustly enriched at plaintiff's expense.

47. By reason of the forgoing the plaintiffs have been damaged in the amount of $1.5 million dollars plus costs, interest and attorney's fees.

## **COUNT FOUR - CONVERSION**

48. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs and incorporate them herein by this reference.

49. Plaintiffs provided defendants with $1.5 million in investment funds.

50. Plaintiffs demanded an accounting from defendants regarding their utilization of the investment funds.

51. Defendants have failed to provide an accounting.

52. Plaintiffs demanded return of the investment funds.

53. Defendants have failed to return the investment funds

54. Accordingly, defendants knowingly, wrongfully, and in bad faith are retaining possession of the $1.5 million.

55. By reason of the forgoing the plaintiffs have been damaged in the amount of $1.5 million dollars plus costs, interest and attorney's fees.

## **COUNT FIVE - IMPOSITION OF A CONSTRUCTIVE TRUST**

56. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs and incorporate them herein by this reference.

57. Defendants breached their fiduciary duties to the plaintiffs as alleged in Count Two.

58. Defendants were unjustly enriched at the plaintiffs' expense as alleged in Count Three.

59. By reason of the forgoing the Court should impose a constructive trust upon the defendants' assets in favor of the plaintiffs in the amount of $1.5 million dollars plus costs, interest and attorney's fees.

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

A. Damages in the amount of $1.5 million dollars for defendants' breach of contract.

B. Damages in the amount of $1.5 million dollars for defendants' breach of their fiduciary duties to plaintiffs.

C. Damages in the amount of $1.5 million dollars for defendants' unjust enrichment at the expense of plaintiffs.

D. Damages in the amount of $1.5 million dollars for defendants' conversion of the plaintiff's Investment.

E. Imposition of a constructive trust upon the defendants' assets in favor of the plaintiffs in the amount of $1.5 million dollars plus costs, interest and attorney's fees.

F. For plaintiff's costs, including reasonable attorney's fees;

G. For pre- and post-judgment interest according to law; and

H.	For such other and further relief as the Court may deem just and proper.

Dated:	November 14, 2018
	New York, NY					Respectfully submitted,


					/s/ FLM_____
					Frederica L. Miller
					Law Office of Frederica L. Miller, PLLC
					299 Broadway Suite 800
					New York, NY 10007
					Bar Number ct308219
					Tel. 212.661.6844
					email: frederica.miller@gmail.com
					*Attorney for Plaintiffs*